| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CIVIL MINUTES - GENERAL**

cc: order, docket, remand letter to
Los Angeles Superior Court, Northwest District, Van Nuys, No. 12B05535

**CASE NO.:** CV 12-09502 SJO (CWx)      **DATE:** November 26, 2012

**TITLE:** Martingale Investments LLC v. Gilda Evans, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                      Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Gilda Evans's ("Defendant") Notice of Removal ("Notice"), filed November 6, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2012, Martingale Investments LLC ("Plaintiff") initiated this unlawful detainer action in Los Angeles County Superior Court. Plaintiff alleges that Defendant is unlawfully possessing the property located at 4801 Corbin Avenue, Tarzana, California (the "Premises") after being duly served with a Notice to Quit pursuant to California Code of Civil Procedure section 1161(a). (Notice Ex. B, at 13-16 ("Compl."), ECF No. 1.) Proceeding *pro se*, Defendant removed this action to the Central District of California on November 6, 2012, pursuant to 28 U.S.C §§ 1331, 1332, 1441, and 1446. (Notice 2.) To support removal under § 1331, Defendant alleges that Plaintiff has engaged in securities fraud and has caused counterfeit securities (the Summons, Complaint, declarations, and other supporting documents) to be filed in state court. (Notice 4.)

II.     DISCUSSION

     A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists here.

JS-6                     Case 2:12-cv-09502-SJO-PLA   Document 11   Filed 11/26/12   Page 2 of 3   Page ID #:304
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 12-09502 SJO (CWx)          **DATE:** November 26, 2012

     B.     Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant believes that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.

     1.     Diversity Jurisdiction

Federal jurisdiction founded on § 1332(a) requires complete diversity – all plaintiffs must be of different citizenship than all defendants – and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").

Defendant's Notice does not state the citizenship of any of the parties. From the Complaint, it appears that Defendant is a resident of the State of California. Although residence and citizenship are not equivalent, a person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). However, nothing in the Complaint or the Notice states **Plaintiff's** citizenship. As Plaintiff's citizenship has not even been alleged, diversity jurisdiction has not been established.

Furthermore, Defendant alleges that the amount in controversy exceeds $75,000, but provides no explanation as to how the threshold requirement has been met. *Merricks-Barragan v. Maidenform*, No. 11-07965, 2011 WL 5173653, at *3 (C.D. Cal. Oct. 31, 2011) ("Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy."). In fact, the Civil Case Cover Sheet filed by Plaintiff in state court indicates that this is a limited case and damages do not exceed $25,000. (Notice Ex. B, at 22.)

     2.     Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and a plaintiff may avoid federal jurisdiction by pleading

CASE NO.: <u>CV 12-09502 SJO (CWx)</u>　　　　DATE: <u>November 26, 2012</u>

only state-law claims.  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Complaint in this action does not contain any federal causes of action.  The Complaint includes only one action for unlawful detainer under the state law of California.  In the Notice, Defendant asserts that original jurisdiction exists because Plaintiff has engaged in securities fraud in violation of Title 18 of the U.S. Code. (Notice 4.)  However, this is a federal defense, at best, and "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (U.S. 1983).  Accordingly, the Court lacks federal question jurisdiction.

Because the Court has neither federal question jurisdiction nor diversity jurisdiction over this case, the Court lacks subject matter jurisdiction.

III.　　CONCLUSION

For the foregoing reasons, the Court **REMANDS** the instant action to the Superior Court for the State of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.